## THE STATE v. WILLIAM ELKINTON AND WILLIAM FERGUSON, JUN.

1. Attachments for not obeying a *mandamus* to open a road served on the overseer after he went out of office, and on the new overseer, refused.
2. *Mandamus* to open a road ought to be, in the first instance, an alternative writ, and not peremptory, and how obtained.
3. The writ should be delivered or shown to the person to whom it is directed.
4. Overseer of the highway is bound to open and work the road without regard to the orders of the town meeting or the township committee.

A motion to quash the peremptory *mandamus* issued in this case, and a motion for attachments against the overseers, were made before Justices HAINES and ELMER, and were argued by *S. A. Allen* and *A. Browning*, for the relators, and by *A. L. Eakin* and *P. D. Vroom*, for the overseers.

The opinion of the court was delivered by

ELMER, J. The motion before us is to make absolute a rule to show cause why attachments should not issue against William Elkinton and William Ferguson, jun., for disobeying a writ of *mandamus* heretofore issued out of this court.

It appears, by the papers and depositions now produced and read, that at November term, 1862, a rule was obtained upon proof of notice and upon affidavits, now on file, that William Elkinton, one of the overseers of roads in the town-

ship of Upper Alloways Creek, county of Salem, show cause why a *mandamus* should not issue directing him to open and clear out a certain road, then recently laid out, the damages payable to the land owners having been paid, in obedience to a *mandamus* obtained for that purpose. At November term, this rule came on to be heard, and it was shown to have been duly served. Depositions, properly taken on notice, were read in support of the application. The overseer did not appear, and the court ordered that a peremptory writ of *mandamus* issue.

The writ, directed to William Elkinton, one of the overseers of the roads for the township of Upper Alloways Creek, in the county of Salem, was accordingly issued March tenth last, and was served on Elkinton, by delivering him a copy, on the thirteenth of that month. On the first of May, a copy of the same writ was served on William Ferguson, jun. The annual town meeting, it appears, was held on the tenth of March, when Ferguson was elected overseer of the roads in place of Elkinton. The latter assigns, as a reason why he did not obey the direction of the writ, that he went out of office before it was served on him. Ferguson assigns, as his reason, that it was not directed to him; and it appears that the town meeting and the town committee had directed that the road should not be opened.

On behalf of the defendants, it is now insisted that the attachments ought not to be issued, but that the writ itself ought to be quashed, on the ground that it was irregular to issue a peremptory *mandamus* before an alternative writ had been tried. We are, however, of opinion that although the peremptory writ may have been inadvertently allowed, yet as it was expressly ordered by the court, and was a writ which the court had power in its discretion to allow, the defendants had no right, and cannot be permitted to question its regularity after having an opportunity to be heard upon the rule to show cause. Had they disobeyed its commands without a reasonable excuse, we should have had no hesitation in holding them to a strict account.

But we think, as the case stands, the attachments must be denied, although we see no occasion to quash the writ. Elkinton, it appears, was superseded in his office on the day the writ was issued. It is urged that, by the 12th section of the act incorporating townships, *Nix. Dig.* 837,* the office of overseer of roads does not expire until another is legally chosen and qualified in his stead; and that in this case the successor had at least five days, that is, until the time expired for putting up notices of the election pursuant to the 17th section of the aforesaid act, to determine whether he would accept. Whatever may be the strict construction of this provision in the case of an overseer, who is not required to be sworn or to give bond, it appears that Ferguson did accept the office, and we think Elkinton could not after that be required to open the road, and is not liable to punishment for declining to act in the matter. As to Ferguson, the writ was not directed to him, but expressly, by name, to his predecessor, and there were no general words which made it applicable to him. And besides, this writ is not proved to have been shown to either of these defendants. An alternative *mandamus* should be delivered to the person who is required to obey it, or to return a sufficient cause for not doing so; the person serving it of course preserving a copy, so that, if needful, he may prove the service. In the case of a peremptory writ, or any other writ directed to an individual or to a corporation, and not to a sheriff or coroner, the proper course is to show the original to the person required to execute it; reading or explaining it, if necessary, and giving him a copy.

Having taken this occasion to examine our statute, *Nix. Dig.* 454,† and the approved practice in England and this country, we are satisfied that when a writ of *mandamus* is applied for, it should be after service of a notice or of a rule to show cause, and the production of full affidavits setting forth all the facts necessary to show that such a writ is proper. If then the court is satisfied to allow the writ, in all ordinary cases it should be in the alternative to do the

*Rev., p. 1195, § 12.    †Rev., p. 630.

thing required, or show cause why it is not done. In extra-
ordinary cases, the writ may be peremptory in the first
instance, as where a *mandamus* was allowed commanding a.
jailer to deliver the body of a deceased debtor to his exec-
utors. *Tapp. on Mand.* 407. In New York peremptory
writs of *mandamus* were allowed, where the cases were fully
argued on the rule to show cause, and there were do dis-
puted facts, but both parties desired a decision upon the law..
*Ex parte Jennings*, 6 *Wend.* 518 ; *Ex parte Rogers*, 7 *Wend.*
526. It was probably from a misapprehension or imperfect
statement of these cases that the practice, said to have pre-
vailed in this state, of allowing a peremptory *mandamus*
originated. It was held by this court, in the case of *The
State* v. *Holliday*, 3 *Halst.* 205, after full argument and
consideration, that a *mandamus* may properly be issued to·
an overseer of roads, commanding him to work and open a
new road ; but it was an alternative writ, and we think this·
precedent ought to be adhered to.

The whole case being now before us, and having no doubt
of our power to award the writ before allowed, or to authorize
a new one, we think our true course is to order a rule to be
entered refusing the motion for attachments without costs,
and directing that an alternative writ of *mandamus* be now
issued, directed, at the option of the relators, to William
Ferguson, jun., overseer, &c:, by name, or generally to the·
overseer of the roads of the proper district in the township
and county aforesaid, commanding him to open, work, and
make the road in question, to be particularly described in
the writ, or that he show cause, at the next term of this·
court, why he hath not so done.

We take this course in full confidence that Mr. Ferguson
really desires to do his duty, and will not neglect that duty·
without a good and sufficient reason. Having accepted the
office of overseer, and being now before the court in his offi-
cial capacity, he cannot be permitted to refuse to serve,.
unless he shall become incapable of doing so by some cir--
cumstance not within his own control. We cannot antici-

State v. Elkinton.

pate that he will fail to yield obedience to the law, and thus make it the duty of the court to inflict a punishment adequate to the offence, which may extend to actual imprisonment.

The laws of this state intrust the duty of laying out and vacating roads to officers specially elected and sworn for that object; and they have made ample provisions for compelling a road duly laid out to be opened and worked, not only by rendering the overseer liable to penalties and to indictment for neglecting to do so, but by subjecting him to the direct action of this court, to compel him to perform his duty. Neither the inhabitants of the township, assembled in town meeting, nor the township committee, have any power to counsel or advise him in the matter, or to shield him from punishment. The town meeting may decide how much or whether any money shall be raised for the roads, and the township committee may apportion the road money among the districts as they shall deem advisable; but the 42d section of the road act, *Nix. Dig.* 709, prescribes that if the overseer is not furnished with money to open, clear out, and work the roads in his division, he shall warn and call out the inhabitants to do the work; and the 39th section prescribes, that if the inhabitants neglect and refuse, they shall be liable to penalties, which the overseer is required to sue for and expend in accomplishing the work.

Motion for attachment refused.

Rule ordered for alternative <i>mandamus.</i>

CITED in *State, ex rel. Kelly,* v. *Mayor &c., of Paterson,* 6 *Vroom* 199.